**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM F. SEVERINO, III, | Civil Action No. 14-6919 (MAS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MIDDLESEX COUNTY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the uncontested motion of Defendants Borough North Brunswick – Municipal Court ("North Brunswick Municipal Court") and its Court Administrator, Sheral Rossman ("Rossman"), in her official capacity (collectively, "Moving Defendants"). (ECF No. 6.) Moving Defendants seek dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. (*Id.*) Plaintiff William F. Severino, III ("Plaintiff"), who is proceeding pro se, has not opposed the motion. The Court has carefully considered Moving Defendants' submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons expressed herein, the Court grants Moving Defendants' motion to dismiss.

I.      **Background**

Plaintiff brings suit under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. §10:6-2(c) ("NJCRA"), for alleged violations of his First and Fourteenth Amendment

rights.[1] Plaintiff alleges that on August 8, 2013, he filed criminal charges with the North Brunswick Municipal Court while in county jail. (Compl. ¶¶ 12-13.) Once released from county jail, he wrote to the North Brunswick Municipal Court requesting the status of those charges. (*Id.* ¶ 14.) After receiving no response, Plaintiff filed a notice of tort claim with the North Brunswick Municipal Court disclosing violations of federal and state law. (*Id.* ¶ 15.) As a result, Plaintiff brings suit against Moving Defendants based on alleged denial of access to the courts and failure to implement appropriate policies, customs, and practices. (*Id.* ¶¶ 41, 45). In addition, Plaintiff asserts state law claims of negligent supervision and hiring by the North Brunswick Municipal Court and negligence against Rossman acting in her official capacity as court administrator. (*Id.* ¶¶ 43, 46-51.)

## II.   **Legal Standard**

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not require "detailed factual allegations" but must contain sufficient factual matter to state a claim that is "plausible" on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions provide the framework of a complaint, but they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). District courts conduct a three-part analysis when presented with a motion to dismiss for failure to state a claim. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."

---

[1] The Court has federal question jurisdiction over the controversy pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

*Id.* (citing *Iqbal*, 556 U.S. at 675). Second, the court separates the factual and legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "The District Court must then accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. Third, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211. A pro se plaintiff's complaint is liberally construed and is held to a less stringent standard than a formal pleading drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Rose v. Myers*, No. 13-7797, 2015 WL 1221352, at *2 (D.N.J. Mar. 17, 2015).

## III. Discussion

### A. North Brunswick Municipal Court

Generally, the Eleventh Amendment prohibits a federal court from hearing a suit brought by private parties against a state. *See MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001) (citations omitted); *see also Prince v. Aiellos*, No. 09-5429, 2010 WL 4025846, at *4 (D.N.J. Oct. 12, 2010). In addition, the state is not a "person" capable of being sued within the meaning of § 1983. *See Callahan v. City of Phila.*, 207 F.3d 668, 669-70 (3d Cir. 2000); *see also Prince*, 2010 WL 4025846, at *4. The Third Circuit has held that the New Jersey Superior Court is not capable of being sued under § 1983. *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989)). "As part of the judicial branch of the State of New Jersey, a New Jersey Municipal Court is entitled to sovereign immunity." *Hernandez v. Switzer*, No. 09-2758, 2009 WL 4730182, at *3 (D.N.J. Dec. 4, 2009). In addition, the Eleventh Amendment bars state law claims supported only by supplemental jurisdiction. *Garcia v. Richard Stockton Coll. of N.J.*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002)

3

(citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 118-20 (1984)). Accordingly, all claims asserted against North Brunswick Municipal Court are dismissed with prejudice.

### B.    Sheral Rossman

The Eleventh Amendment prohibits a federal court from hearing a suit by private parties against a state official acting in his or her official capacity. *Will*, 491 U.S. at 71 (explaining that suit against a state official acting in his or her official capacity is the same as suit against the state itself). A court administrator is a state official, and therefore, Eleventh Amendment immunity protects a court administrator acting in his or her official capacity from a § 1983 suit. *Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012); *see Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012). Accordingly, the Eleventh Amendment bars all claims asserted against Rossman, as Plaintiff brings suit against her in her official capacity as court administrator. Therefore, all claims asserted against Rossman are dismissed with prejudice.

### IV.    Conclusion

For the foregoing reasons, the Court grants the Moving Defendants' motion to dismiss for failure to state a claim, and all claims asserted against Moving Defendants are dismissed with prejudice. An order reflecting this decision accompanies this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date:   July 1, 2015