**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| |
|---|
| WILLIAM F. SEVERINO, III,<br><br>        Plaintiff,<br><br>    v.<br><br>MIDDLESEX COUNTY, et al.,<br><br>        Defendants. |

Civil Action No. 14-6919 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on three motions for summary judgment. Pro se Plaintiff William F. Severino III ("Plaintiff") moves for summary judgment on his claims against Defendants Joyce Pierre, Middlesex County, and Edmond Cicchi ("Defendants") pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 29.) Plaintiff brings suit under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2(c) ("NJCRA"), for alleged violations of his First and Fourteenth Amendment rights stemming from Defendants' failure to turn over phone records from when he was in Middlesex County Jail. (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff asserts that while in custody at Middlesex County Jail, he made three calls through social services to the South River Municipal Court regarding a warrant and seeking a video court conference. (*Id.*) Plaintiff argues that he sought these phone records from Defendants because of false statements being made in a different state court case[1] related to the South River warrant (the "South River Case"). (Pl.'s Moving Br. 1, ECF No. 29.) Plaintiff asserts

---

[1] The defendants in that action were the Borough of South River, Cassandra Garrick, and South River Municipal Court.

that he sought the records from Defendants through an Open Public Records Act, N.J.S.A. 47:1A-1 ("OPRA") request, by subpoena, and by court order. (*Id.*) Defendants Middlesex County and Edmond Cicchi provided these phone records to Plaintiff in their Rule 26 disclosures. (*Id.*) Defendants move for summary judgment on all claims and for sanctions against Plaintiff. (ECF Nos. 27, 28.)

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989).

First, as to Plaintiff's motion for summary judgment, he argues that the only issue remaining is an award of compensatory and punitive damages now that the phone records have been provided. (ECF No. 29.) Plaintiff, however, is incorrect because he has failed to establish liability as to any Defendant for either his § 1983 claim or NJCRA claim. Accordingly, Plaintiff's motion for summary judgment is denied.

Next, as to Defendants' motions for summary judgment, Plaintiff did not respond or oppose the motions within the required timeframe. Furthermore, Plaintiff did not respond to Defendants' Rule 56.1 statements.[2] Even putting aside Plaintiff's failure to oppose, after careful consideration

---

[2] Following correspondence filed by Defendants illustrating Plaintiff's failure to oppose the Rule 56.1 statements, Plaintiff filed correspondence stating that he "reject[s] the defendants' version of

2

of the submissions in this case, the Court finds that Plaintiff has failed to set forth any disputed material fact that would preclude summary judgment. Plaintiff's claims are premised on Defendants' failure to provide phone records in response to: (1) an OPRA request; (2) a subpoena; and (3) a court order. As to the OPRA request, N.J.S.A. 1:A-11 sets forth the remedy for a violation by a public employee or custodian of the Act. Plaintiff has not brought a claim under OPRA for such a remedy and Plaintiff has not established that the alleged failure to comply with an OPRA request may be the basis for a civil rights lawsuit. Additionally, as to the subpoena, Plaintiff never identifies to whom or by what method he sent the subpoena. The only information Plaintiff has provided to the Court is that the subpoena was sent in relation to the South River Case in March 2013. (ECF No. 29.) These facts do not demonstrate that Plaintiff properly served any of the defendants with the subpoena so the state court had personal jurisdiction over them, and, additionally, Plaintiff has not explained why he could not seek enforcement of the subpoena through the state court. Lastly, as to the court order, on June 21, 2013, the Superior Court Judge in the South River Case ordered "[t]hat the department of social services at the Middlesex County Jail . . . release the phone records." (Certification of Marc D. Mory, Ex. J, ECF No. 28-5.) Again, Plaintiff has not shown that he properly served this order on any of the defendants to establish that the state court had personal jurisdiction or why he could not seek enforcement of this order in front of the Superior Court Judge who issued the order.

---

material facts and stands by [his] own version of facts." (ECF No. 34.) Even acknowledging that Plaintiff is a pro se litigant, this statement does not meet the requirements of Local Civil Rule 56.1.

Accordingly, Defendants' motions for summary judgment are granted.  An order consistent with this Memorandum Opinion will be entered.


                                                   s/ Michael A. Shipp
                                                   **MICHAEL A. SHIPP**
                                                   **UNITED STATES DISTRICT JUDGE**

**Dated:** May 23, 2016